**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Ahmaad Lane,

                    Plaintiff,                                    Civil No. 3:26-cv-00342-SVN

v.

Alyson Ramos et al.,

                    Defendants.

                                                                 June 25, 2026

**RULING AND ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Ahmaad Lane has filed a civil rights action against several employees of Cheshire Correctional Institution, where he is currently an inmate. (Compl., Dkt. No. 1.)  In his complaint, Mr. Lane principally alleges that he was inappropriately denied medical care. (*Id.* at 10-13.) Previously, Mr. Lane filed two motions to proceed "*in forma pauperis*" (*IFP*) that were insufficient to grant him *IFP* status because they lacked a certified copy of his inmate trust account statements. (Notice of Insufficiency, Dkt. No. 10; Notice of Insufficiency, Dkt. No. 11.)  Presently, Mr. Lane cured his error by filing a certified copy of his inmate trust account statement, and this Court may now review his renewed *IFP* motion. (Motion to Proceed *In Forma Pauperis*, Dkt. No. 19.)  This Court has carefully reviewed Mr. Lane's renewed *IFP* motion and concludes that Mr. Lane has demonstrated that he cannot afford the typical filing and administrative fees commensurate with filing a lawsuit in federal court.  Therefore, this Court will grant Mr. Lanes's motion to proceed *IFP* for the reasons explained below.

Generally, when a plaintiff files a complaint in federal court, he must pay filing and administrative fees totaling $405. *See* 28 U.S.C. § 1914. However, courts may grant a plaintiff *IFP* status, which allows the plaintiff to proceed without "prepayment of [such] fees." 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (holding that plaintiffs who qualify for *IFP* status "may commence a civil action without prepaying fees or paying certain expenses"). To be granted *IFP* status, a plaintiff must demonstrate sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1). To demonstrate economic need sufficient to justify *IFP* status, the plaintiff must show that "paying such fees would constitute a serious hardship," *Feibelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007), and that he would not be able to provide himself or his dependents "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). The plaintiff, however, does not need to prove absolute destitution to proceed *IFP*. *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

In this case, Mr. Lane has demonstrated that he cannot afford the typical $405 filing fee. A properly filed account statement shows that he has a spendable balance of just $65.95 as of June 17, 2026, and his account has never had a balance that exceeds $233.66 since August 7, 2025. Over the course of that period, his account balance averaged less than $50 and received an average of only $110.00 in monthly deposits. Although he claims no dependents and to spend $90 on "cosmetics," food, and clothing a month, Mr. Lane claims no income in the last twelve months from employment, rent collection, interest on savings, dividends on investments, pension payments, or disability payments. Even if his spending did not amount to the purchase of necessities of life, Mr. Lane would be rendered destitute without proceeding *IFP*, as evidenced by his low account balances that leave no margin for the typical filing fee.

For the foregoing reasons, Mr. Lane's motion is granted.

*/s/ Thomas O. Farrish*

Hon. Thomas O. Farrish
United States Magistrate Judge